## Commonwealth v. Gernert

*Warren K. Hess*, for *Alfred V. Pizzi*, petitioner.

*James F. Marx*, assistant district attorney, for Commonwealth.

SHANAMAN, J., March 25, 1938.—Alfred V. Pizzi brought a writ of habeas corpus to secure his release from commitment to the Berks County Prison on an alderman's

warrant charging him with operating a motor vehicle after operating privileges were revoked, and requiring him to enter bail for the next court of quarter sessions to answer the said charge. A hearing has been had, and the matter is before us for decision.

It is admitted that he drove a motor vehicle without being licensed to drive. It appears that defendant's privilege to drive a motor vehicle had been revoked by the State authorities on March 28, 1935, for a period of one year. Defendant was arrested February 12, 1938, on the offense with which he is presently charged. The contention of defendant is that although he had no license at the time of his arrest, nor had any license to drive a motor vehicle in this Commonwealth since the date of the revocation of his license in 1935, his offense is not a misdemeanor subjecting him to indictment, but is merely cognizable by summary proceedings before a magistrate.

Paragraph (h) of section 620 of The Vehicle Code of May 1, 1929, P. L. 905, 942, provided as one violation of the act that it shall be unlawful to operate any motor vehicle "after operator's license or learner's permit is suspended or revoked." The violation of this is designated a misdemeanor, punishable by fine of $200 or imprisonment for not more than three years, or both. The lighter offense of merely driving without having obtained a license was covered by section 601 of the said act, providing that any person operating a motor vehicle upon a highway in this Commonwealth, without having been licensed thereto, should upon summary conviction before a magistrate be sentenced to a fine and costs, and, in default of payment thereof, to undergo imprisonment for not more than five days.

The Act of June 22, 1931, P. L. 751, amended the language of paragraph (h) of section 620 of The Vehicle Code, by striking out the words "operator's license or learner's permit" and substituting the words "operating privilege." In the case of Commonwealth v. Seney, 26 D. & C. 600, it was held that a motor vehicle operator, operat-

ing a motor vehicle after the expiration of a period of one year for which his license had been suspended, but without obtaining a new license, was guilty under section 601 of The Vehicle Code, as amended, but not under section 620(h). This decision appears to be contrary to the prior decision of Commonwealth v. Boyd, 38 Lanc. L. R. 79. However, the legislature in the year 1937 again amended section 620 so as to read as follows:

"It shall be unlawful for any person to commit any of the following acts. . . .

"(h) To operate any motor vehicle upon the highways of this Commonwealth, after the operating privilege is suspended or revoked, and before such operating privileges has been reinstated": Act of June 29, 1937, P. L. 2329.

The words, "and before such operating privilege has been reinstated" are additional: Act of 1937, supra.

Counsel for the Commonwealth and for defendant agree that the point involved is purely one of law as to the intent and meaning of the amendment of 1937. We are of opinion that an interpretation of the language of the statute in accordance with its natural meaning and with the strictness proper to the construction of a penal statute, leads to the conclusion that one who after losing his license through revocation or suspension, and not having enjoyed a reinstatement in the privilege of driving a motor vehicle, nevertheless at any time thereafter drives without a license so to do, is guilty of a violation of section 1 of the Act of 1937, amending section 620(h) of The Vehicle Code, supra, as amended by the Act of 1931, supra. The legislature by the amendment of 1937 seems clearly to have indicated such intent. Certainly, one who has had the privilege of driving revoked for cause, and who has either been unable or has neglected to obtain a reinstatement of the privilege, is in a different class of delinquents, if he chooses to drive without a license, from a person who has never had his license revoked. The sole point of law raised by defendant, namely, that on the ad-

mitted facts defendant cannot be found guilty of driving after revocation of his operating privilege, is therefore overruled. From the overruling of the sole ground on which defendant seeks to be released from commitment, it follows that he is not entitled to be discharged without bail.

And now, to wit, March 25, 1938, defendant's objection to his commitment is overruled, his petition to be released is dismissed, and it is ordered that he stand committed unless he shall enter into due and proper bail for his appearance, in accordance with the requirement of the warrant on which he was committed.